DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Sheila Hiteshew, appeals the decision of the Lorain County Court of Common Pleas, Domestic Relations Division, which entered a judgment of divorce. This Court reverses and remands.
 I. {¶ 2} The parties were married on November 18, 1978, in Vermilion, Ohio. The parties separated in January 2000. A judgment for divorce was filed by the trial court was journalized June 13, 2002. However, the QDRO was not adopted by the trial court until April 16, 2003.
 {¶ 3} Appellant timely appealed after the adoption of the QDRO, setting forth six assignments of error for review. The assignments of error have been rearranged to facilitate review.
 II. Third Assignment of Error
"The trial court abused its discretion by failing to grant a continuance and/or permitting appellant's counsel to withdraw thereby denying the appellant's right to due process."
 {¶ 4} In her third assignment of error, appellant contends that the trial court erred in denying her motion for continuance and her trial court counsel's request to withdraw after he failed to file a pre-trial statement as ordered by the court. This Court agrees.
 {¶ 5} Local Rule 19 of the Lorain County Court of Common Pleas, Domestic.
 {¶ 6} Relations Division, provides, in relevant part:
"The parties will receive their order for preparation of the Final Pre-Trial Statement from the assigned Judge. The Final Pre-Trial Statement shall be filed no later than seven (7) days prior to the Final Pre-Trial." * * *
"Should either party or counsel fail to adhere to the requirements of this rule or to the discovery schedule established by the Court at the Case Management Conference, the Court may impose sanctions, including, but not limited to, dismissal of that parties' pending action, attorney's fees, contempt of Court or any other sanction pursuant to the Rules of Civil Procedure." Loc.R. 19(C)(6) and 19(G).
 {¶ 7} Appellant argues that the sanctions imposed by the trial court are found in
 {¶ 8} Civ.R. 37, which relates to sanctions regarding compliance with discovery rules. Appellant contends that the order of the court to file a pre-trial statement was unrelated to discovery and, therefore, the rules regarding discovery and sanctions for failing to comply with discovery requests and orders are inapplicable.
 {¶ 9} Appellee argues that Loc.R. 19 is an expansion of Civ.R. 16, and that Civ.R. 16 expressly provides a court with the authority to impose sanctions outlined in Civ.R. 37, including the preclusion of evidence and witnesses. Appellee's argument is without merit.
 {¶ 10} Civ.R. 16 provides that the court may schedule one or more conferences before trial to accomplish any of the enumerated objectives pertaining to pretrial procedure. One of the listed objectives in Civ.R. 16 is "[t]he imposition of sanctions as authorized by Civ.R. 37". Civ.R. 16(8). Civ.R. 37 addresses the failure of a party to comply with discovery requests and orders compelling the sharing of information and imposes sanctions for such failure. On the contrary, Civ.R. 16 does not provide for any type of sanctions. Instead, Civ.R. 16 merely provides that the court may hold a hearing regarding, among other things, the imposition of sanctions as authorized by Civ.R. 37.
 {¶ 11} In the present case, the order directing the parties to file a pre-trial statement stated: "Failure to file the Pre-trial Statement in a timely manner will result in a sanctions hearing on the date of the Final Pre-trial." A final pre-trial was scheduled, but never held. Therefore, a sanctions hearing was never held. Instead, the judge informed appellant's counsel at a conference in chamber minutes before the trial began that the only witness he would be allowed to call was appellant; and that he could not introduce or admit any evidence.[1]
 {¶ 12} This Court decided a similar issue in Atkins v.Chudowsky, Ninth Dist. No. 01CA007834, 2001-Ohio-1654. InAtkins, the trial court issued an order that plaintiff was to depose defendant by a particular date. Instead of deposing defendant, plaintiff filed defendant's affidavit after the deadline for taking defendant's deposition had expired. The defendant filed a motion to strike his affidavit. The trial court granted defendant's motion to strike. This Court held that the trial court abused its discretion in striking the affidavit because the trial
 {¶ 13} court's order regarding the taking of defendant's deposition did not create an affirmative obligation to take the deposition. Furthermore, this Court noted that striking the affidavit was not a proper sanction because failure to take the deposition was not a failure to comply with a discovery motion.
 {¶ 14} As in Atkins, the failure of appellant's counsel to file a pre-trial statement in the present case was not a failure to comply with a discovery motion. The evidence was uncontroverted that discovery took place freely between the parties up to an including the night before the trial began. Therefore, the trial court abused its discretion in refusing to allow appellant's counsel to present any witnesses other than appellant and prohibiting appellant's counsel from introducing or admitting any evidence.
 {¶ 15} After being advised in chambers that he would not be permitted to call any other witnesses other than appellant and would not be allowed to introduce or admit any evidence, appellant's counsel requested permission to withdraw at the beginning of the trial. Appellant's counsel again attempted to withdraw during the cross-examination of appellee. The trial court denied counsel's requests to withdraw. Appellant argues that the trial court abused its discretion in denying her counsel's requests to withdraw.
 {¶ 16} It is well settled that a withdrawal motion is committed to the sound discretion of the trial court. State v.Edgell (1972), 30 Ohio St.2d 103, 111. A reviewing court should not reverse the decision of the trial court in the absence of an abuse of that discretion.
 {¶ 17} Appellant's counsel requested permission to withdraw as counsel because his failure to file a pre-trial statement resulted in sanctions being imposed upon appellant. Those sanctions prevented appellant from presenting witnesses and offering evidence in support of her case. Counsel for appellee did not object to appellant's counsel's request. In response to the request to withdraw as counsel, the trial court stated: "The Court does not believe that your client would be more prejudiced than the prejudice that would fall on the plaintiff by not having this matter proceed to trial today." This Court disagrees. A review of the record reveals that the sanctions imposed by the trial court made it virtually impossible for appellant to present her case. Allowing appellant's counsel to withdraw and granting a continuance to allow appellant to obtain other counsel would not have had such a chilling effect on appellee. The trial court erred in not allowing appellant's counsel to withdraw and granting appellant a continuance so that she could obtain other counsel.
 {¶ 18} Appellant's third assignment of error is sustained.
 First Assignment of Error
"The trial court erred by valuing the putnam account at $0.00 when uncontradicted testimony indicated a value of $105,000.00."
 Second Assignment of Error
"The trial court erred by improperly valuing the personal property of the parties."
 Fourth Assignment of Error
"The trial court abused its discretion and made findings against the manifest weight of the evidence in the spousal support award both as to amount and duration."
 Fifth Assignment of Error
"The trial court abused its discretion by not ordering the appellee to reimburse the appellant on the liquidation of $19,000.00 of stocks that were marital property."
 Sixth Assignment of Error
"The trial court failed to divide the teamster's pension equitably between the parties."
 {¶ 19} Due to this Court's resolution of appellant's third assignment of error, this Court declines to address the remaining five assignments of error.
 III. {¶ 20} The decision of the Lorain County Court of Common Pleas, Domestic Relations Division, is reversed and the cause is remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
Whitmore, J., concurs.
[1] Although the dialogue that took place in the conference in chambers was not recorded, the trial court reiterated the substance of the conference on the record.